ROLLAR HOMES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rollar Homes, Inc. v. Commissioner
Docket No. 7035-85.
United States Tax Court
T.C. Memo 1987-166; 1987 Tax Ct. Memo LEXIS 162; 53 T.C.M. (CCH) 471; 8 Employee Benefits Cas. (BNA) 1615; T.C.M. (RIA) 87166; March 26, 1987. Bernard J. Lechner, for the petitioner. Keith H. Johnson, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined that petitioner has an income tax deficiency of $29,957.00 and an excise tax deficiency under section 4971 of $2,217.95 for the fiscal year ended on July 31, 1981. The issues for decision are (1) whether petitioner made a payment under section 404(a) [1] to its pension plan; and (2) whether petitioner is subject to the excise tax under section 4791(a) for failing to meet the minimum funding standards *164 of section 412. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and exhibits associated therewith are incorporated herein by reference. Petitioner, Rollar Homes, Inc., a Florida corporation, had its principal place of business in Clearwater, Florida at the time it filed its petition. It maintains its books and files its tax returns using the accrual basis of accounting. At all relevant times George Rollar ("Rollar") was its president and the owner of one-half of petitioner's stock; his wife was the owner of the other one-half of its stock; and Barbara D. Schmidt was petitioner's bookkeeper. During its fiscal year 1981 petitioner had in effect a pension plan which had been adopted in 1977. Rollar was the trustee for the plan and Schmidt was its bookkeeper. During fiscal 1981, the employee beneficiaries of the plan were Rollar, his wife, and Schmidt. For the year ending on July 31, 1981, petitioner accrued a contribution *165 to the plan of $65,124. On October 1, 1981, petitioner undertook to satisfy its accrued liability to the plan with a portion of a certificate of deposit in the face amount of $300,000. The CD, dated September 4, 1981, and maturing on January 4, 1982, was owned and held by petitioner in its corporate name and was carried on its books as a debit to the investments account. On October 1, 1981, Schmidt debited "accrued accounts payable" and credited "investments" on petitioner's books for $65,124 in an attempt to show that the accrued contribution to the plan had been satisfied with that portion of the CD. At the same time, Schmidt recorded on the plan's books the receipt of the $65,124 contribution represented by the plan's interest in the CD. When the CD matured in January of 1982, it was rolled over into a new CD in petitioner's name. The rollovers continued in a similar manner on almost a monthly basis until August of 1982 when the then-current CD was divided and the plan's portion was rolled over into a separate CD in the plan's name. OPINION With respect to the first issue we must determine whether petitioner "paid" the accrued contribution to its pension plan for fiscal *166 1981 on or before October 15, 1981, within the meaning of section 404. [2] Petitioner contends that, by designating on its books and on the books of the plan that a portion of the CD belonged to the plan, petitioner paid the contribution. Respondent contends that with respect to the contribution petitioner and the plan merely made bookkeeping entries which do not constitute payment under section 404. The factual situation before us is almost identical to that found in Gillis v. Commissioner,63 T.C. 11 (1974). There we quoted from H. Rept. No. 2333, 77th Cong., 2d Sess. (1942), 1942-2 C.B. 413, and noted that the provisions on pension, profit-sharing, and stock bonus plans (sections 401 through 407) were designed to encourage the setting up of retirement benefits by employers for their employees and in pursuance of this policy permits employers to take as a deduction amounts irrevocably set aside in a pension trust or other fund to provide annuities or *167 retirement benefits for their employees. 63 T.C. at 15. In Gillis the corporate taxpayer had accrued on its books contributions owed to its pension plan, but had not paid the contributions within the allotted time. We concluded that the contributions had not been paid under section 404, because there was no showing "that the disputed amounts were irrevocably set aside in the trust or placed beyond the reach of creditors or the direct control of the corporation." 63 T.C. at 16. Furthermore, in Don E. Williams, Co. v. Commissioner,429 U.S. 569 (1977), the Supreme Court held that an accrual basis taxpayer must not merely accrue a liability to a pension plan but must also pay cash or its equivalent. 429 U.S. at 578-579. The Court went on to hold that the giving of a promissory note did not constitute payment for purposes of section 404(a). 429 U.S. at 579. Here petitioner may have gone beyond merely accruing a liability to the plan but did not go far enough to irrevocably set aside funds for the plan or to place the funds beyond the direct control of petitioner. The $65,124 designated as a contribution *168 to the plan for the year ended on July 31, 1981, remained in the name of and under the control of petitioner until August of 1982. Consequently, even though the beneficiaries of the plan may have acquired some equitable rights to a portion of the CD, such acquisition did not irrevocably set aside the contribution for the plan or remove the contribution from the direct control of petitioner until nearly a year after October 15, 1981, the last day for making the payment for fiscal year 1981. Therefore, the contribution for fiscal 1981 was not "paid" within the meaning of section 404. Gillis v. Commissioner,supra.
With respect to the second issue, the parties have stipulated that if we conclude petitioner did not pay the contribution to the plan for the 1981 fiscal year, petitioner has an accumulated funding deficiency under section 4971 for that year in the amount of $44,359, and that petitioner's required minimum contribution for 1981 under section 412 is in the same amount. In view of the parties' stipulation and our conclusion with respect to the payment of the 1981 contribution petitioner has failed to meet the minimum funding requirements of section 412 *169 and is liable for the excise tax under section 4971. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. Section 404 allows accrual basis taxpayers to deduct contributions paid to a qualified pension plan on or before the due date of the taxpayer's return, which in this case was October 15, 1981.↩